**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN R. BLACK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-2351-M** |
| | § | |
| **TARGET CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Before the Court is the *Motion to Dismiss Under Federal Rule of Civil Procedure 41(B) in Brief in Support*, filed September 20, 2016 (doc. 9). Based on the relevant filings and applicable law, the motion should be **DENIED.**

## I. BACKGROUND

On July 7, 2016, Steven R. Black (Plaintiff) filed a small claims petition in the Justice Court, Precinct 3, Place 1, for Dallas County, Texas, against Target Corporation (Defendant). (*See* doc. 1 at 3-4, 6.)[1] Defendant removed the action to federal district court on August 12, 2016. (*Id.* at 1.) On August 19, 2016, Defendant moved for a more definite statement of Plaintiff's claims under Fed. R. Civ. P. 12(e). (*See* doc. 7.) An order dated August 22, 2016, established a briefing schedule for the motion. (*See* doc. 8.) The order stated, in relevant part, "Respondent may file a response *and brief containing citations to relevant authorities*[] no later than **Friday, September 9, 2016**." Plaintiff failed to file a response. Citing that failure, Defendant now moves to dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order. (*See* doc. 9.)

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Here, Defendant contends that Plaintiff failed to comply with a court order requiring him to file a response to its motion for a more definite statement.  The order stated that Plaintiff *may* file a response to the motion, however.  It did not state that Plaintiff must or shall file a response.  He therefore did not fail to comply with an order of the court, and dismissal of his case on this basis is not warranted.

## III.  RECOMMENDATION

The motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders should be **DENIED**.

**SIGNED this 15th day of November, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE