**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| STEVEN R. BLACK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-2351-M |
| § | |
| TARGET CORPORATION, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow a court order.

**I. BACKGROUND**

On July 7, 2016, Steven R. Black (Plaintiff) filed a small claims petition in the Justice Court, Precinct 3, Place 1, for Dallas County, Texas, against Target Corporation (Defendant). (*See* doc. 1 at 3-4, 6.)[1] Defendant removed the action to federal district court on August 12, 2016. (*Id.* at 1.) On August 19, 2016, Defendant moved for a more definite statement of Plaintiff's claims under Fed. R. Civ. P. 12(e). (*See* doc. 7.) The motion was granted by order dated November 14, 2016, and Plaintiff was ordered to file an amended complaint that provided a more definite statement of his claims within 14 days. (*See* doc. 11.) Plaintiff failed to file an amended complaint as ordered.

On December 13, 2016, Plaintiff was ordered to either file his amended complaint, or to show cause in writing as to why he could not file an amended complaint, no later than December 27, 2016. (*See* doc. 15.) The order specifically warned Plaintiff that failure to comply with its terms would

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

result in a recommendation that the case be dismissed without further notice. (*Id.*) Plaintiff failed to comply with the show cause order, and he has not otherwise responded or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By orders dated November 14, 2016, and December 13, 2016, the plaintiff was ordered to file an amended complaint that provided a more definite statement of his claims within fourteen days. He was specifically warned that failure to do so would result in a recommendation that the case be dismissed. Because he failed to comply with these orders, and he has not filed anything else in this case or otherwise show that he intends to proceed with it, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff files an amended complaint within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 12th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE